**CV11-   4521**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YUE-YI FANG

                                        Plaintiff(s)

                    - against -

MARLON EDUARDO ZAMBRANO

                                        Defendant

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   SEP 19 2011   ★

BROOKLYN OFFICE

**NOTICE OF REMOVAL**

**AMON, CH.J.**

Marlon Eduardo Zambrano, defendant in the above-captioned action which was commenced in the Supreme Court of the State of New York for the County of Queens gives notice that he is removing this action from the Supreme Court of the State of New York, County of Queens, to this Court pursuant to USC Section 1441.  The grounds for removal are as follows:

1.      A civil action was commenced and is now pending against the defendant in the Supreme Court of the State of New York, County of Queens, which action is entitled: YUE-YI FANG V. MARLON EDUARDO ZAMBRANO.

2.      On or about February 10, 2011 the defendant was allegedly served with a summons and complaint, a copy of which is attached herein as Exhibit A. On or about April 11, 2011 defendant Marlon Eduardo Zambrano served an answer to the complaint. (See Exhibit B). On September 4, 2011, the defendant was served with a Response to Supplemental Demand for Relief indicating the amount in controversy is One Million ($1,000,000.00) Dollars, a copy of which is attached as Exhibit C.

3.      The above-described action is a civil action of which this Court has original jurisdiction under 28 USC Section 1332 and is one which may be removed to this Court by the defendant under 28 USC 1332 and 1441 in that:

        a)      Plaintiff is noted to be listed on the summons as a citizen of the State of New York residing a5t 654 Seneca Avenue, Apt. 2R, Ridgewood, New York 11385.

        b)      Defendant Marlon Eduardo Zambrano is a citizen of Pennsylvania and resides at 1008 South Hall Street, Apt. 1, Allentown, PA 18103.

        c)      The incident claimed to have caused injury to the defendant is alleged in the complaint to have occurred in the City and State of New York in the County of Queens.  (See paragraph 10, Exhibit A).

        d)      The amount in controversy herein exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

4.     Accordingly, as the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest and costs, federal jurisdiction is appropriate pursuant to 29 USC Section 1332.

WHEREFORE, the defendant gives notice that the above action now pending against him in Supreme Court of the State of New York for he County of Queens is removed to this Court.

DATED:     Westbury, New York
           September 14, 2011

John W. Kondulis, Esq.
JAMES G. BILELLO & ASSOCIATES
Attorneys for Defendant
Marjon Eduardo Zambrano
875 Merrick Avenue
Westbury, New York 11590
bilelloandassociates@geico.com
(516) 229-4312
Our File Number: 11K1664
Claim Number: 0344547960101025 (J768)

TO:

Caesar & Napoli Esqs.
Attorneys for Plaintiff(s)
350 Broadway-10th Floor
New York, NY 10013
212-226-2100

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
YUE-YI FANG,

Plaintiff,

- against -

MARLON EDUARDO ZAMBRANO,

Defendant.
-----------------------------------------------------------------X

Index No.: *1784/2011*
Date Purchased: *1/24/2011*

## SUMMONS

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
654 Seneca Ave., Apt. 2R
Ridgewood, NY 11385

County of Queens

### To the above named Defendant:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, NY
          January 20, 2011

JAMES C. NAPOLI
Caesar & Napoli
Attorneys for Plaintiff(s)
YUE-YI FANG
350 Broadway, 10th Floor
New York, NY 10013
212-226-2100
Our File No. B29978. MHBT

MARLON EDUARDO ZAMBRANO
1008 S. Hall Street
Allentown, PA 18103

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
YUE-YI FANG,

         Plaintiff,

    - against -

MARLON EDUARDO ZAMBRANO

         Defendant.
-------------------------------------------------------------------X

Index No.: _17 74/2011_
Date Purchased: _1/14/2011_
**VERIFIED COMPLAINT**

    Plaintiff, by her attorneys, CAESAR & NAPOLI, complaining of the Defendant, respectfully alleges, upon information and beliefs:

    1.   That at all times herein mentioned, Plaintiff was, and still is, a resident of the County of Queens, State of New York.

    2.   That at all times herein mentioned, the Defendant **MARLON EDUARDO ZAMBRANO** was the owner of a 1997 motor vehicle bearing Pennsylvania license plate number GWN4994.

    3.   That at all times herein mentioned, Defendant **MARLON EDUARDO ZAMBRANO** operated the aforementioned motor vehicle.

    4.   That at all times herein mentioned, Defendant **MARLON EDUARDO ZAMBRANO** operated the aforementioned motor vehicle in the scope of employment.

    5.   That at all times herein mentioned, Defendant **MARLON EDUARDO ZAMBRANO** maintained the aforementioned motor vehicle.

    6.   That at all times herein mentioned, Defendant **MARLON EDUARDO ZAMBRANO** managed the aforementioned motor vehicle.

    7.   That at all times herein mentioned, Defendant **MARLON EDUARDO ZAMBRANO** controlled the aforementioned motor vehicle.

1

8.     That at all times herein mentioned, the roadway of the intersection of Cypress Avenue and Gates Avenue, Queens, NY were public roadways and/or thoroughfares.

9.     That at all times herein mentioned, Defendant was operating the aforesaid motor vehicle at or near the above location.

10.    That at all times herein mentioned, the Plaintiff **YUE-YI FANG** was a pedestrian at or near the intersection of Cypress Avenue and Gates Avenue, Queens, New York

11.    That on or about August 15, 2009, the aforesaid motor vehicle operated by Defendant **MARLON EDUARDO ZAMBRANO** and the Plaintiff **YUE-YI FANG** came in contact..

12.    That as a result of the aforesaid contact, Plaintiff **YUE-YI FANG** was injured.

13.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff contributing thereto.

14.    That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant was otherwise negligent, careless, reckless and grossly negligent under the circumstances then and there prevailing.

15.    That by reason of the foregoing, Plaintiff **YUE-YI FANG** sustained severe and permanent personal injuries; and Plaintiff **YUE-YI FANG** was otherwise damaged.

16.    That Plaintiff **YUE-YI FANG** sustained serious injuries as defined by §5102 (d) of the Insurance Law of the State of New York.

17.    That Plaintiff **YUE-YI FANG** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

18.    That Plaintiff **YUE-YI FANG** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is

2

obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not

recoverable through no-fault insurance under the facts and circumstances in this action.

19.    That this action falls within one or more of the exceptions set forth in CPLR

§1602, including but not limited to §1602 (6) & (7).

20.    That by reason of the foregoing, Plaintiff **YUE-YI FANG** has been damaged in a

sum which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a

sum exceeding the jurisdictional limits of all lower courts which would otherwise have

jurisdiction, together with the costs and disbursements of this action. .

Dated:        New York, NY
              January 20, 2011

Yours, etc.

JAMES C. NAPOLI
Caesar & Napoli
Attorneys for Plaintiff(s)
YUE-YI FANG
350 Broadway, 10th Floor
New York, NY 10013
212-226-2100
Our File No. B29978. MHBT

3

## ATTORNEY'S VERIFICATION

JAMES C. NAPOLI, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at CAESAR & NAPOLI, attorneys of record for Plaintiff(s),YUE-YI FANG. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:    New York, NY
             January 20, 2011

JAMES C. NAPOLI

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS          0 34454 7916 010 1025

YUE-YI FANG

                         Plaintiff(s)

          - against -

MARLON EDUARDO ZAMBRANO

                      Defendant(s)

Index # 1784/2011
Docket Number: 742179
File # :B29978.MHBT

Notice Pursuant
to Section 253
of the Vehicle
& Traffic Law
of the State of  New York

Please take notice that a copy of the within summons and complaint along with the statutory fee of $10 was served upon the Secretary of State of New York pursuant to Section 253 of the Vehicle and Traffic Law on February 1, 2011 at the office of the Secretary of State 123 William Street, New York, New York 10038.

Dated  February 4, 2011
New York, New York

CAESAR & NAPOLI
350 BROADWAY,  10th FLOOR
NEW YORK, NY 10013
Tel: 212-226-2100

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

YUE-YI FANG,

Plaintiff(s)

- against -

MARLON EDUARDO ZAMBRANO,

Defendant(s)

VERIFIED ANSWER WITH
DEMANDS

Index No: 1784/2011

## CERTIFICATION PURSUANT TO SECTION 130-1.1a
## OF THE RULES OF THE CHIEF ADMINISTRATOR (22NYCRR)

The undersigned certifies the following documents pursuant to 22NYCRR Section 130-1.1a:

Verified Answer to Verified Complaint and Demand for a Verified Bill of Particulars, Combined Demand for Discovery and Inspection, Notice to Take Deposition Upon Oral Examination, Refusal to Accept Service by Facsimile Transmission and Notice to Submit to Physical Examination.

DATED:      Westbury, New York
            April 08, 2011

James N. Donovan, Esq.
MENDOLIA & STENZ
Attorneys for Defendant(s)
Marlon Eduardo Zambrano
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4223
Our File No: 11Q0342
Claim No: 0344547960101025 (J768)

To:

Caesar & Napoli Esqs.
Attorneys for Plaintiff(s)
350 Broadway-10th Floor
New York, NY 10013
212-226-2100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

YUE-YI FANG,

Plaintiff(s)

VERIFIED ANSWER WITH DEMANDS

- against -

Index #: 1784/2011

MARLON EDUARDO ZAMBRANO,

Defendant(s)

Defendant(s) Marlon Eduardo Zambrano, by the undersigned answering the VERIFIED complaint of the plaintiff(s), upon information and belief, states as follows:

FIRST: Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 1, 2 ( **except admit that at all times herein mentioned, the defendant, Marlon Eduardo Zambrano, was the owner of the 1997 motor vehicle bearing Pennsylvania license plate number EWN4994)**, 5,6,7,8,9,10,11,19.

SECOND: Denies each and every allegation contained in paragraphs numbered and designated as: 4,12,13,14,15,16,17,18,20.

THIRD: Admits each and every allegation contained in paragraphs numbered and designated as: 3.

## AS AND FOR AN AFFIRMATIVE DEFENSE – COMPARATIVE NEGLIGENCE

The personal injuries and/or property damage alleged to have been sustained by the plaintiff(s) were caused entirely or in part through the culpable conduct attributable to the plaintiff(s) and the Defendant(s) seeks a dismissal or reduction in any recovery had by the plaintiff in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

## AS AND FOR AN AFFIRMATIVE DEFENSE – COLLATERAL SOURCE

The costs incurred, or paid by plaintiff(s), if any, for medical care, dental care, custodial care or rehabilitation services, loss of earning or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from a collateral source of the type described in CPLR §4545 and Defendant(s) is entitled to have any award reduced in the amount of such payments.

WHEREFORE, defendant(s) demand(s) judgment dismissing the plaintiff(s) complaint herein together with the costs and disbursements of this action.

DATED:      Westbury, New York
               April 08, 2011

                                 James N. Donovan, Esq.
                                 MENDOLIA & STENZ
                                 Attorneys for Defendant(s)
                                 Marlon Eduardo Zambrano
                                 875 Merrick Avenue
                                 Westbury, New York 11590
                                 (516) 229-4223
                                 Our File No: 11Q0342
                                 Claim No: 0344547960101025 (J768)

<u>VERIFICATION</u>

James N. Donovan, Esq., an attorney admitted to practice in the Courts of this State, and associated with the firm of MENDOLIA & STENZ, attorneys for the defendant(s) Marlon Eduardo Zambrano, states:

That your affirmant has read the foregoing Answer and knows the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes it to be true. The source of your affirmant's information and belief, is an investigation caused to be made with respect to the facts in this action.

That the reason this verification is made by affirmant and not by the Defendant(s) is because the Defendant(s) does not reside within the county where MENDOLIA & STENZ, maintain their office.

The undersigned affirms that the foregoing statement is true, under penalties of perjury.

Date:   Westbury, New York
        April 08, 2011

                                        James N. Donovan, Esq.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

---

YUE-YI FANG,

Plaintiff(s)

- against -

MARLON EDUARDO ZAMBRANO,

Defendant(s)

---

DEMAND FOR A VERIFIED
BILL OF PARTICULARS

---

COUNSELORS:

PLEASE TAKE NOTICE that the defendant(s) Marlon Eduardo Zambrano, hereby demands that you serve upon the undersigned within thirty days from date of service herein, a verified bill of particulars concerning the following matters:

1. Name, date of birth and social security number of plaintiff(s).
2. Post office and residence address of plaintiff in sufficient detail to permit ready location.
3. The date and approximate time of day of the occurrence.
4. The approximate location of the occurrence.
5. A general statement of the acts or omissions, constituting the negligence claimed. If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provision of same.
6. A statement of the injuries claimed to have been sustained as a result of the occurrence and the nature and extent thereof.
7. A statement of such injuries claimed to be permanent and the nature and extent thereof.
8. Length of time and dates confined to bed.
9. Length of time and dates confined to house.
10. Length of time totally incapacitated from employment and/or school.
11. Length of time partially incapacitated from employment and/or school.
12. Itemize all accounts claimed as special damages for (a) physician's services; (b) medical supplies; (c) hospital expenses; (d) nurse's services; (e) loss of earnings; (f) all other special damages; and (g) all out of pocket expenses.
13. If Medicare paid or is expected to pay any medical expense that you claim resulted from this occurrence, please so indicate and provide the plaintiff's Medicare HICN number.
14. Specify the monetary amount that will be claimed at trial for each and every element of damages.
15. State the name and address of plaintiff's employer and/or school at the time of the occurrence, if any.
16. If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases his claim for loss of earnings, if any.
17. If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost, and cost of repair.
18. If property damage to automobile is claimed, state the following: (a) The make, style, model, year of manufacture, serial number and license number of plaintiff's motor vehicle; (b) The parts of the motor vehicle alleged to have been damaged and the cost of repair or

replacement thereof; (c) Number of miles driven at time of occurrence.

19. In what respect plaintiff has sustained serious injury as defined in subdivision d of Sec. 5102 of the insurance law, or economic loss greater than basic economic loss, as defined in subdivision a of Sec.5102 of the insurance law.

20. State the source or sources of collateral reimbursements or benefits pursuant to CPLR 4545(c) and for each such source provide the following: (a) the name and address of the source; (b) the amount of the reimbursement; and (c) the date that reimbursement was given.

21. Pursuant to CPLR Section 3101(d);

a) Identify and state the qualifications of each person whom you expect to call at trial as an expert witness.

b) State the subject matter in reasonable detail upon which the expert is expected to testify.

c) Provide the facts and opinions upon which the expert is expected to testify.

d) Provide a summary of the grounds of each such opinion.

e) Provide a copy of the expert's report furnished to plaintiff.

PLEASE TAKE FURTHER NOTICE that unless this demand is complied with, the undersigned will move for: (1) an order precluding plaintiff from giving evidence at the trial of the items of which particulars have not been furnished; (2) an order staying all proceedings in this action pursuant to Civil Practice Law and Rule 3042; and (3) such other and further relief as the court may deem just and proper.

DATED:    Westbury, New York
            April 08, 2011

                          James N. Donovan, Esq.
                          MENDOLIA & STENZ
                          Attorneys for Defendant(s)
                          Marlon Eduardo Zambrano
                          875 Merrick Avenue
                          Westbury, New York 11590
                          (516) 229-4223
                          Our File No: 11Q0342
                          Claim No: 0344547960101025 (J768)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

YUE-YI FANG,

Plaintiff(s)

- against -

MARLON EDUARDO ZAMBRANO,

Defendant(s)

COMBINED DEMAND FOR
DISCOVERY AND INSPECTION

COUNSELORS:

PLEASE TAKE NOTICE that demand is hereby made upon you to serve upon the undersigned, the following:

## DEMAND FOR INDEX NUMBER

Pursuant to the filing requirements of Section 306-a of the C.P.L.R. and the notice requirements of 22 N.Y.C.R.R. 202.5, you are to advise in writing of the County Clerk's Index Number assigned to this action.

## DEMAND FOR ALL PARTIES APPEARING

A list of names of all parties that have appeared in this action, together with the names and addresses of their respective attorneys pursuant to Section 2103(e) of the C.P.L.R.

## DEMAND FOR INSURANCE COVERAGE TO PLAINTIFF(S) ON COUNTERCLAIM AND/OR CO-DEFENDANT(S)

Pursuant to C.P.L.R. 3101(f), you are to produce and permit the undersigned to inspect and copy the contents of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment which may be entered herein, including by not limited to excess and additional coverage. If there is no excess or additional coverage and there is the only one insurer liable to satisfy part or all of a judgment which may be entered in this action, then the undersigned demands a sworn affidavit from your client stating this.

## DEMAND FOR WITNESSES

Pursuant to C.P.L.R. 3101(a) and this demand, you are requested to produce and permit discovery by the undersigned or another acting on their behalf of the following:

Names and addresses of all persons claimed by your client(s) to

have either witnessed the occurrence or to have firsthand knowledge of same, or to have notice of the nature and duration of any alleged condition(s) proximately causing this occurrence, or to have witnessed or firsthand knowledge of any such notice given to the party(ies) we represent and/or any other party in this action, or having firsthand knowledge of facts and circumstances regarding this occurrence, whether obtained by your client(s) at the scene of the occurrence or thereafter obtained by your client(s) attorneys or representatives. If no such persons are known to your client(s) or your client(s) representatives, so state in reply to this demand. The undersigned will object at time of trial of this action to the testimony of any persons not so identified.

PLEASE TAKE FURTHER NOTICE that if your client(s) or client(s) representatives, obtain names and addresses of such persons subsequent to their response to this notice, such information is to be furnished to the undersigned whenever so obtained. The undersigned will object at the time of trial of this action the testimony of any persons not so identified.

## DEMAND FOR EXPERT WITNESSES

1. The name and address of each expert witness which you expect to call at the trial of this action.

2. The subject matter in reasonable detail upon which each such expert is expected to testify.

3. The substance of the facts and opinions upon which each such expert is expected to testify.

4. The qualifications of each such expert witness.

5. A summary of the grounds for each such expert(s) opinion.

6. Provide a copy of each such expert's report furnished to you or your client(s).

PLEASE TAKE FURTHER NOTICE, that if any such expert which you expect to call as a witness on the trial of this action intends to rely upon or introduce into evidence any portion of any technical standard or learned treatise, you are hereby required to identify any such standard or treatise, including in the case of standards, the issuing body and the standard number; in the case of books, author, title, publication date and publisher; and in the case of journal articles, journal title, volume number, page, publication date and publisher.

## DEMAND FOR ACCIDENT REPORTS

All accident reports and/or motor vehicle accident reports in your client(s)' possession, pursuant to C.P.L.R. 3101(g).

## DEMAND FOR STATEMENT

Copy(ies) of each and every written statement or the transcript of each and every oral statement which it will be alleged was made by or attributed to the party(ies) we represent in this

action. If none, so state.

## DEMAND FOR PHOTOGRAPHS

Copy(ies) of all photographs, slides, video tapes and/or motion pictures in your client(s)' possession, pertaining to the accident site, defective conditions(s) claimed and/or instrumentality(ies) in issue.

## DEMAND FOR INCOME TAX RETURNS

Copies of plaintiff(s) income tax returns for a period of three (3) years preceding the date of the accident as set forth in plaintiff(s) complaint to present, as well as a duly executed, acknowledged and current authorization allowing this office to obtain the plaintiff's tax records for a period of three (3) years before the accident in question. This authorization must include two forms of identification, including one photo identification.

## DEMAND FOR SCHOOL AUTHORIZATIONS

Set forth duly executed and acknowledged authorizations, pursuant to Section 3101(a) and Rule 3120 of the C.P.L.R., permitting the undersigned to obtain copies of the school records of the plaintiff(s) from the beginning of the school year preceding the date of accident as set forth in the complaint to the present period of any disability claimed.

## DEMAND FOR EMPLOYMENT AUTHORIZATIONS

Set forth duly executed and acknowledged authorizations pursuant to Section 3101(a) and Rule 3120 of the C.P.L.R., permitting the undersigned to obtain copies of the employment records of the plaintiff(s) from three (3) years preceding the date of accident as set forth in plaintiff(s) complaint to the present period of any disability claimed.

## DEMAND FOR NO-FAULT RECORDS

If a claim has been or will be made by plaintiff(s) pursuant to the terms of ARTICLE XVIII of the Insurance Law of the State of New York (No-Fault Law); with respect to each and every application and/or claim:

1. Set forth the name, address, policy number and claim number of each company to which a claim has been made or will be made.

2. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain copies of the records relating to the plaintiff(s) from each company identified in the response to the above.

## DEMAND FOR WORKER'S COMPENSATION RECORDS

If a claim has been made or will be made by plaintiff(s), pursuant to the terms of the Worker's Compensation Law, with respect to each and every application:

1. Set forth name, address, policy number to which a claim has been or will be made,

together with the Worker's Compensation Board file number.

2. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain copies of the records relating to the plaintiff(s) from each company identified in response to the above.

## DEMAND FOR DISABILITY RECORDS

If a disability claim has been or will be made by plaintiff(s), pursuant to the terms of the Social Security Laws, with respect to each and every application and/or claim:

1. Set forth the claim office, address and the claim number assigned.

2. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain copies of the records relating to the plaintiff(s).

## DEMAND FOR INFORMATION ON COLLATERAL SOURCE

A statement pursuant to C.P.L.R. 4545(c), in writing, under oath, setting forth the following:

1. The amount of (a) medical, (b) dental, (c) custodial, (d) rehabilitative costs, (e) loss of earnings, or (f) other economic loss that was or will be replaced or indemnified by (a) insurance, (b) Social Security, (c) worker's compensation, (d) employee benefit programs or (e) other source, not including No-Fault basic economic loss in automobile cases, which the plaintiff(s) intend to prove as special damages.

2. The amounts the plaintiff(s) will claim as lawful liens against the plaintiff(s) recovery.

3. The amount of premiums actually paid by the plaintiff(s) in the two (2) year period preceding the accrual of his/her/their cause of action.

4. The amount of premiums actually paid by the plaintiff(s) between the accrual of his/her/their cause of action and the present date.

5. The projected future costs of the plaintiff(s) maintaining such benefits.

## DEMAND FOR MEDICAL INFORMATION

1. The names and addresses of all physicians or other health care providers of every description who have consulted, examined or treated the plaintiff for each of the conditions alleged caused by, or exacerbated by, the occurrence described in the complaint including the date of such treatment or examination.

2. Duly executed and acknowledged written authorizations (HIPAA compliant) directed to any hospital(s), clinics, or other health care facility in which the plaintiff(s) herein claiming injury, is/are or was/were confined due to the occurrence set forth in the complaint, so as to permit the

securing of a copy of the entire hospital record including but not limited to, x-rays, technicians' reports and intra-operative photographs, by the undersigned.

3. Duly executed and acknowledged written authorizations (HIPAA compliant) to allow the undersigned to obtain copies of the complete office medical records relating to the plaintiff(s) from each physician or health care provider identified in (1) above.

PLEASE TAKE FURTHER NOTICE that each of these authorizations must have an expiration date of, "the completion of litigation".

PLEASE TAKE FURTHER NOTICE that each of these authorizations must include complete names, addresses, and any and all pertinent identifying information.

4. Copies of all medical reports from each physician or health care providers identified in (1) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered as the trial, including a description of the injuries, a diagnosis and a prognosis.

5. If plaintiff claims exacerbation of a pre-existing injury then demand is hereby made for duly executed and acknowledged current authorizations to allow the undersigned to obtain:

   a) copies of the complete medical records, reports, notes, correspondence, etc. from all physicians, health care providers, hospitals, physical therapists, chiropractors, etc., that treated plaintiff as a result of the prior accident/injury;

   b) the films and reports of all diagnostic tests (including, but not limited to MRIs, CT scans and x-rays) that were taken as a result of the prior accident/injury;

   c) all records, reports, notes, correspondence, etc. from any pharmacy or drug store that filled a prescription for plaintiff as a result of the prior accident/injury; and

   d) copies of the complete legal files and no-fault files (if applicable) relating to the prior accident/injury.

6. If plaintiff claims injury to a body part that was previously injured, then demand is hereby made for duly executed and acknowledged current authorizations to allow the undersigned to obtain:

   a) copies of the complete medical records, reports, notes, correspondence, etc. from all physicians, health care providers, hospitals, physical therapists, chiropractors, etc. that treated plaintiff as a result of the prior accident/injury;

   b) the films and reports of all diagnostic tests (including, but not limited to MRIs, CT scans, and x-rays) that were taken as a result of the prior accident/injury;

   c) all records, reports, notes, correspondence, etc. from any pharmacy or drug store that filled a prescription for plaintiff as a result of the prior accident/injury; and

d) copies of the complete legal files and no-fault files (if applicable) relating to the prior accident/injury.

7. If since the date of the accident complained of in plaintiff's complaint, plaintiff has re-injured a body part that plaintiff claims was injured in this accident, then demand is hereby made for duly executed and acknowledged current authorizations to allow the undersigned to obtain:

a) copies of the complete medical records, reports, notes, correspondence, etc., all physicians, health care providers, hospitals, physical therapists, chiropractors, etc. that treated plaintiff as a result of the re-injury;

b) the films and reports of all diagnostic tests (including, but not limited to MRIs, CT scans, and x-rays) that were taken as a result of the re-injury;

c) all records, reports, notes, correspondence, etc. from any pharmacy or drug store that filled a prescription for plaintiff as a result of the re-injury; and

d) copies of the complete legal files and no-fault files (if applicable) relating to the re-injury.

DEMANDS FOR REPAIR RECEIPTS/ESTIMATES

Pursuant to CPLR 3101(a) and this demand, copies of any and all written or recorded estimates for damages of any vehicle or other property involved in the subject accident and/or receipts for repairs of same.

PLEASE TAKE FURTHER NOTICE, that failure to comply with these demands will serve as a basis for a motion to preclude the plaintiff(s) upon the trial of this action from offering proof relative to medical damages if such information, authorizations and certificates are not provided in accordance with these demands.

PLEASE TAKE FURTHER NOTICE, that these are all continuing demands and should any of the information requested become available to or known in the future, then you are required to furnish same at such time.

DISCOVERY OF ALL THE ABOVE IS TO BE PRODUCED within twenty five (25) days of the date of these demands at the office of: MENDOLIA & STENZ, 875 Merrick Avenue, Westbury, New York 11590.

COMPLIANCE may be effectuated by sending true copies of the requested material, where applicable, to the undersigned before the due date herein.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with these demands, the party(ies) we represent shall make an application to stay all proceedings herein, in addition to sanctions and other relief to be granted.

DATED:      Westbury, New York
                 April 08, 2011


                                      James N. Donovan, Esq.
                                      MENDOLIA & STENZ
                                      Attorneys for Defendant(s)
                                      Marlon Eduardo Zambrano
                                      875 Merrick Avenue
                                      Westbury, New York 11590
                                      (516) 229-4223
                                      Our File No: 11Q0342
                                      Claim No: 0344547960101025 (J768)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| YUE-YI FANG,<br><br>                Plaintiff(s)<br><br>    - against -<br><br>MARLON EDUARDO ZAMBRANO,<br><br>            Defendant(s) | NOTICE TO TAKE DEPOSITION<br>UPON ORAL EXAMINATION |

COUNSELORS:

Please take notice that, pursuant to Article 31 of the Civil Practice Law and Rules, the testimony, upon oral examination of the plaintiff(s) and co-defendant(s) as an Adverse Party(ies) will be taken before a Notary Public who is not an attorney, or employee of an attorney for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, shall be taken at THE ABOVE CAPTIONED COURTHOUSE on a date and time to be set at a preliminary conference with respect to necessary evidence and material in the prosecution or defense of this action:

All of the relevant facts and circumstances in connection with the accident which occurred on August 15, 2009, including negligence, contributory negligence, liability and damages.

That the said person to be examined is required to produce at such examination the following: all relevant material.


DATED:     Westbury, New York
               April 08, 2011


                                  James N. Donovan, Esq.
                                  MENDOLIA & STENZ
                                  Attorneys for Defendant(s)
                                  Marlon Eduardo Zambrano
                                  875 Merrick Avenue
                                    Westbury, New York 11590
                                  (516) 229-4223
                                    Our File No: 11Q0342
                                    Claim No: 0344547960101025 (J768)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| YUE-YI FANG,<br><br>Plaintiff(s)<br><br>- against -<br><br>MARLON EDUARDO ZAMBRANO,<br><br>Defendant(s) | REFUSAL TO ACCEPT SERVICE BY<br>FACSIMILE TRANSMISSION<br><br>Index No: 1784/2011 |

PLEASE TAKE NOTICE that Defendant(s), Marlon Eduardo Zambrano, by attorney, MENDOLIA & STENZ, hereby advises that inclusion upon this office's letterhead of a number for transmission of documents by electronic process ("FAX") is not to be deemed consent to service of litigation papers by such method, any provision of law or statute to the contrary notwithstanding; and

PLEASE TAKE FURTHER NOTICE that service of litigation papers in this or any other action upon the undersigned by "FAX" will not be accepted and is not authorized; except upon written permission given at least twenty-four (24) hours prior to such service.

DATED:     Westbury, New York
           April 08, 2011

James N. Donovan, Esq.
MENDOLIA & STENZ
Attorneys for Defendant(s)
Marlon Eduardo Zambrano
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4223
Our File No: 11Q0342
Claim No: 0344547960101025 (J768)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

|  |  |
|---|---|
| YUE-YI FANG,<br><br>                         Plaintiff(s)<br><br>        - against -<br><br>MARLON EDUARDO ZAMBRANO,<br><br>                    Defendant(s) | NOTICE TO SUBMIT TO PHYSICAL<br>EXAMINATION<br><br>Index No: 1784/2011 |

PLEASE TAKE NOTICE that Defendant(s), Marlon Eduardo Zambrano, by attorney, MENDOLIA & STENZ, require that plaintiff submit to physical examination(s) on a date after examination(s) before trial are completed and after all pertinent medical information has been exchanged by plaintiff as per 22 N.Y.C.R.R. § 202.17.

PLEASE TAKE FURTHER NOTICE that your office will be contacted to reschedule a date and location for the physical examinations.

DATED:      Westbury, New York
                April 08, 2011

                                     James N. Donovan, Esq.
                                     MENDOLIA & STENZ
                                     Attorneys for Defendant(s)
                                     Marlon Eduardo Zambrano
                                     875 Merrick Avenue
                                     Westbury, New York 11590
                                     (516) 229-4223
                                     Our File No: 11Q0342
                                     Claim No: 0344547960101025 (J768)

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)    SS.:
COUNTY OF NASSAU )

 Jean Schabhuttl, being duly sworn, deposes and says that she is not a party to this action and is employed by the attorneys for the within named defendant(s) herein. That on the \_11\_ day of \_April\_, 2011, she served the annexed VERIFIED ANSWER WITH DEMANDS and DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMAND FOR DISCOVERY AND INSPECTION, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION, REFUSAL TO ACCEPT SERVICE BY FACSIMILE TRANSMISSION AND NOTICE TO SUBMIT TO  PHYSICAL EXAMINATION upon the following named attorney(s) and party(s) by depositing a true copy of the same securely enclosed in a post-paid wrapper in a Post Office Box regularly maintained by the United States Government at 875 Merrick Avenue, Westbury New York 11590, in said County of Nassau directed to said attorney(s) and party(s) at:

TO:

Caesar & Napoli Esqs.
Attorneys for Plaintiff(s)
350 Broadway-10th Floor
New York, NY 10013
212-226-2100

that being the address within the State designated by them for that purpose upon the preceding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail.

Deponent is over the age of eighteen (18) years.

_____
Jean Schabhuttl

Sworn to before me this

\_11\_ day of \_April\_, 2011

_____
Notary Public

MILLIE CAVARRA
Notary Public, State of New York
No. 01CA6179506
Qualified in Nassau County
Commission Expires December 24, 20\_11\_

Index No. 1784/2011

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

| | |
|---|---|
| YUE-YI FANG,<br><br>                                    Plaintiff(s)<br><br>             - against -<br><br>MARLON EDUARDO ZAMBRANO,<br><br>                                    Defendant(s) | VERIFIED ANSWER WITH<br>DEMANDS |

MENDOLIA & STENZ
Attorneys for the Defendant(s)
Marlon Eduardo Zambrano
Office and Post Office Address
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4223

--------------------------------------------------------------------------------

To

Caesar & Napoli Esqs.
Attorneys for Plaintiff(s)
350 Broadway-10th Floor
New York, NY 10013
212-226-2100

--------------------------------------------------------------------------------

Due and timely service of a copy of the within ANSWER AND DEMANDS is hereby admitted.
Dated April 08, 2011

Attorney(s) for Marlon Eduardo Zambrano

--------------------------------------------------------------------------------

EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
YUE-YI FANG,

                    Plaintiff,

              - against -

EDUARDO ZAMBRANO MARLON,

                    Defendants.
------------------------------------------------------------------X

RESPONSE TO
DEFENDANT'S REQUEST
FOR SUPPLEMENTAL
DEMAND FOR RELIEF

Index No.: 1784/2011

Plaintiff, by her attorneys, CAESAR & NAPOLI, as and for a Response to defendant's

Request for Supplemental Demand for Relief, alleges upon information and belief, as follows:

THE TOTAL DAMAGES TO WHICH PLAINTIFF DEEMS HERSELF ENTITLED:

$1,000,000.00.

Dated: New York, NY
       September 2, 2011

                              Yours etc.,
                              Caesar & Napoli

                              _Milena Hanukov_

                              Milena Hanukov, Esq.
                              Attorneys for Plaintiffs
                              YUE-YI FANG
                              350 Broadway, 10th Floor
                              New York, NY 10013
                              212-226-2100
                              Our File No: B29978.MHMYC

TO:    Mendolia & Stenz
       Attorneys for Defendants
       EDUARDO ZAMBRANO MARLON
       875 Merrick Avenue
       Westbury, NY 11590
       (516) 229-4200